NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMON YANEZ-LOPEZ,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.    20-70539

Agency No. A037-727-096

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2022[**]
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and LASNIK,[***] District Judge.

Ramon Yanez-Lopez, a citizen of Mexico, seeks review of a Board of

Immigration Appeals (BIA) decision denying his request for sua sponte reopening

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

of his immigration proceedings. We have jurisdiction under 8 U.S.C. § 1252 and may review only for legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We deny the petition in part and dismiss in part.

1. Yanez argues that the BIA erred in denying sua sponte reopening based on *Lorenzo v. Whitaker*, 752 F. App'x 482 (9th Cir. 2019). But our intervening decision in *United States v. Rodriguez-Gamboa*, 972 F.3d 1148 (9th Cir. 2020), forecloses Yanez's argument that the BIA committed legal error. *Rodriguez-Gamboa* concluded that California's definition of methamphetamine is not broader than the federal definition. *See id.* at 1149–50. The BIA effectively anticipated our decision in *Rodriguez-Gamboa*, and thus did not err.

2. Yanez also has not shown that the BIA erred in denying sua sponte reopening based on *INS v. St. Cyr*, 533 U.S. 289 (2001). Although Yanez purports to identify legal error in the BIA's ruling on the *St. Cyr* issue, the BIA denied sua sponte reopening because *St. Cyr* was decided in 2001, and Yanez did not file a motion to reopen until 2019. The BIA thus denied reopening because Yanez provided no explanation for this lengthy delay. To the extent Yanez's petition can be characterized as arguing that the BIA should have reopened proceedings despite the delay, we lack jurisdiction to consider that argument. *See Bonilla*, 840 F.3d at 588. And contrary to Yanez's contention, the BIA did not deny reopening based on any misunderstanding that Yanez was seeking relief under 8 C.F.R. § 1003.44(h).

**PETITION DENIED IN PART AND DISMISSED IN PART.**